IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH & WILDLIFE SERVICE, *et al.*, <br><br> Defendants. | No. C 16-06040 WHA <br><br> **ORDER GRANTING MOTION FOR EXTENSION OF TIME TO COMPLY AND ORDER VACATING HEARING** |

In this action for declaratory and injunctive relief involving the withdrawal of a proposed rule to list the Pacific fisher as "threatened" under the Endangered Species Act, defendant United States Fish & Wildlife Service ("the Service") moves for a 35-day extension of time to comply with the order dated November 20, 2018 (Dkt. No. 98). Plaintiffs oppose (Dkt. No. 100). The November 2018 order required the Service to publish in the Federal Register either a final listing determination or notice of a revised proposed rule by September 21, 2019, and, in the event the Service publishes a revised proposed rule, to publish a final determination by March 21, 2020 (Dkt. No. 91 at 6–7).[1] The Service now seeks to extend the former deadline to October 26, 2019 and to commensurately extend the latter deadline to April 25, 2020 under Rules 60(b)(5) and (6) (Dkt. No. 98 at 1, 3). Pursuant to Civil Local Rule

---

[1] This order agrees with the Service's interpretation of the November 2018 order as requiring the Service to submit its decision to the Federal Register by the aforementioned deadlines (*see* Frazer Decl. ¶ 9).

United States District Court
For the Northern District of California

7-1(b), this order finds the Service's motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for May 23.

The motion is premised on delays due to a prior lapse in appropriations. On December 21, 2018, the appropriations act funding the Department of Interior (among other agencies) expired and was not restored until January 25, 2019, during which the Service was prohibited under the Anti-Deficiency Act from working on the listing determination (Dkt. No. 98 at 4 (citing 31 U.S.C. §§ 1341(a)(1)(A), 1342)). The Service accordingly seeks this extension "solely to make up for time that was lost" (thirty-five days) during the lapsed appropriations period (Frazer Decl. ¶ 3). The Service's Assistant Director for the Ecological Services Program, Gary Frazer, explains that since the September 2018 order remanding the action issued, the Service has been working diligently to address the concerns raised by that order and plaintiffs (*id*. ¶¶ 4–5). In December 2018, a team of biologists met with managers of the regional offices of the Service involved in this determination and prepared "a notice reopening the public comment period on the 2014 Proposed Listing Rule for submission to the Federal Register" (*id*. ¶ 5). The Service claims that the lapse in appropriations forced the Service to halt work on the Pacific fisher remand for the 35-day duration, thereby interrupting "a pivotal time in the process" (*id*. ¶ 6). Specifically, the lapse in appropriations delayed the publishing of the notice reopening the comment period, the gathering and review of recent additional scientific information, internal discussions, and deeper evaluation and re-analysis of all relevant published information following the meeting in December 2018 (*ibid*.). The Service states that this in turn has delayed decision making regarding the direction for drafting of the notice for a withdrawal, final listing determination, or revised proposed rule (*id*. ¶ 7). The effect of the appropriations lapse was compounded by commensurate postponement of the team members' other assigned work, which in turn resulted in further compressed schedules (*id*. ¶ 8).

Rule 60(b)(5) provides grounds for relief from a final judgment where "applying it prospectively is no longer equitable." Our court of appeals has adopted the "more flexible standard of evaluating motions that seek to invoke the equity provision of Rule 60(b)(5)" announced in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992). *Bellevue Manor*

1  *Assocs. v. United States*, 165 F.3d 1249, 1256 (9th Cir. 1999). "[A] party seeking modification
2  of a [final judgment] bears the burden of establishing that a significant change in circumstances
3  warrants revision of the [judgment]." *Rufo*, 502 U.S. at 383. "If the moving party meets this
4  standard, the court should consider whether the proposed modification is suitably tailored to the
5  changed circumstance." *Ibid*. "Modification is also appropriate when a decree proves to be
6  unworkable because of unforeseen obstacles." *Id*. at 384 (citation omitted).

This order agrees that the lapse in appropriations — and its effect of prohibiting the Service employees from working for that duration — was an "unforeseen obstacle." The Service argues that this unforeseen obstacle "truncated [its] already compressed time allotted for complying with" the November 2018 order — which order only granted in part the Service's prior request for an extension (Dkt. No. 98 at 4). This order further agrees that the time lost during the lapse in appropriations warrants modification given the current time frame for remand. Plaintiffs' arguments to the contrary are unpersuasive. Accordingly, the Service's motion is **GRANTED**. The Service shall submit for publication a final listing determination or notice of a revised proposed rule by **OCTOBER 26, 2019**. In the event it publishes a revised proposed rule, the Service shall submit a final listing determination for publication by **APRIL 25, 2020**.

**IT IS SO ORDERED.**

Dated: May 17, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE